IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CLIFTON ORLANDO SOLOMON                                                      PLAINTIFF

       v.                        Civil No. 4:16-cv-04038

SOUTHERN HEALTH PARTNERS;
STEVEN KING, Head Nurse, Miller County
Detention Center, BRITTANY COOKSEY, Nurse
Miller County Detention Center                                               DEFENDANTS

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Clifton O. Solomon filed this case *pro se* pursuant to 42 U.S.C. § 1983 on April 22, 2016. ECF No. 1. Plaintiff's application to proceed *in forma pauperis* was granted on May 4, 2016. ECF No. 6. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before me is a Motion to Dismiss filed by Defendants Southern Health Partners, Inc., Steven King, and Brittany Cooksey. ECF No. 18. Plaintiff filed a Response to the Motion to Dismiss. ECF No. 22. After careful consideration, I make the following Report and Recommendation.

### BACKGROUND

Plaintiff filed his original Complaint on April 22, 2016. ECF No. 1. On May 25, 2016 I entered an Order directing Plaintiff to submit an Amended Complaint listing separately each individual he contends violated his federal constitutional rights. ECF No. 11. Plaintiff filed his Amended Complaint on June 24, 2016. ECF No. 13. Plaintiff alleges he was denied medical care by Defendants during his incarceration at the Miller County Detention Center ("MCDC"). Plaintiff alleges he informed Defendant Cooksey about a medical condition and she failed to pass the information along to Defendant King. When he spoke with King, Plaintiff claims he was told

1

to place a written sick call request. Plaintiff alleges he placed seven (7) sick call requests before he was seen by a nurse. Plaintiff also alleges he was charged ten dollar ($10) co-pays instead of the three dollar ($3) co-pays he should have been charged. Finally, Plaintiff alleges Defendant King violated his rights under the Health Insurance Portability and Accountability Act ("HIPAA")." Plaintiff is suing Defendants in both their personal and official capacities. Plaintiff states he is in physical pain every day and suffers from bleeding when he uses the bathroom. He is claiming compensatory and punitive damages and requests Defendant King be removed from his job at the MCDC. ECF No. 13.

Defendants argue Plaintiff has failed to allege any facts to support a § 1983 claim against Defendants in their official capacity because Plaintiff has not alleged facts to show an official institutional policy or custom of Southern Health Partners, Inc. was unconstitutional, or that it was a "moving force" behind any alleged harm Plaintiff suffered. Defendants also argue there is no private right of action for HIPAA violations and therefore Plaintiff cannot maintain his HIPAA claim against Defendants through this lawsuit.

## APPLICABLE LAW

Fed. R. Civ. P. 12 (b)(6) provides a motion to dismiss should be granted on a plaintiff's claim if he "fail[s] to state a claim upon which relief can be granted." A complaint should be dismissed for failure to state a claim if it appears beyond a doubt the plaintiff's complaint can prove no set of facts to support the plaintiff's purported cause of action. *Schaller Tel. Co. v. Golden Sky Sys., Inc.,* 298 F.3d 736, 740 (8th Cir. 2001). In determining whether to dismiss this action under Rule 12 (b)(6), the Court will assume the facts alleged in Plaintiff's Complaint are correct and will draw reasonable inferences from the facts in favor of the allegations in the Complaint.

*Turner v. Holbrook,* 278 F.3d 754, 757 (8th Cir. 2002); *In re Navarre Corp. Sec. Litig.,* 299 F.3d 735, 738 (8th Cir. 2002).

## DISCUSSION

Federal Rule of Civil Procedure 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc*., 588 F.3d 585, 594 (8th Cir. 2009) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden*, 588 F.3d at 594 (*quoting Iqbal*, 556 U.S. at 678). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (While *pro se* complaints are liberally construed, they must allege sufficient facts to support the claims.).

Plaintiff alleges he was denied medical care by Defendants and overcharged for co-pay charges. While Plaintiff does not specifically allege in his Amended Complaint this conduct was motivated by a policy or custom of Defendant Southern Health Partners, Inc., his allegations do amount to a reasonable inference of the same. In his Response to Defendants' Motion to Dismiss Plaintiff states "Defendants have violated a prisoner's constitutional Rights By (Denying) medical treatment to Prisoner Clifton O. Solomon Due to a policy or custom Thire is A $10 medical Co pay that Nurse Steven King RN (Enforce) upon ADC Inmates…Due to the Fact That if An Inmate Refuse to pay This $10 medical co pay" Plaintiff was refused medication. ECF No. 22. Construing his Amended Complaint liberally and accepting the allegations as true, as I must at this stage, I

find Plaintiff's Complaint contains sufficient factual matter to state a claim for relief for denial of medical care against Defendants in their official capacity.

With respect to Plaintiff's claims against Defendants relating to a violation of rights under HIPPA, there is no private right of action enforceable under § 1983 for HIPPA violations. *Dodd v. Jones,* 623 F.3d 563, 569 (8th Cir. 2010); *Adams v. Eureka Fire Prot. Dist.,* 352 Fed. Appx. 137, 139 (8th Cir. 2009). However, Plaintiff claims Defendant King violated his rights when he "told Lt. Adams to lock me up for not wanting to be seen by him while violating my privacy under the HippA law. Thire was no reason for Lt to be in medical nor was thire a reason for me to be brought to the Lt. to address my medical problem." ECF No. 13. Therefore, I find Plaintiff's factual allegations sufficient to assert a claim for relief against Defendant King for retaliation.

## CONCLUSION

For the foregoing reasons, I recommend Defendants' Motion to Dismiss (ECF No. 18) be **GRANTED in part** and **DENIED in part.** Defendants' Motion to Dismiss (ECF No. 18) should be **GRANTED** to the extent the Complaint alleges a cause of action pursuant to § 1983 for HIPPA violations. Defendants' Motion to Dismiss (ECF No. 18) should be **DENIED** in all other respects.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 23nd day of August 2016.**

> /s/ Barry A. Bryant
> HON. BARRY A. BRYANT
> UNITED STATES MAGISTRATE JUDGE