IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CLIFTON ORLANDO SOLOMON                                                                                PLAINTIFF

v.                                             Case No. 4:16-cv-4038

SOUTHERN HEALTH PARTNERS, INC., et al.                                                      DEFENDANTS

**ORDER**

      Before the Court is the Report and Recommendation filed August 23, 2016, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 24). Judge Bryant recommends that Defendants' Motion to Dismiss (ECF No. 18) be granted in part and denied in part. Plaintiff Clifton Orlando Solomon has timely filed objections to the Report and Recommendation. (ECF No. 22). The Court finds this matter ripe for consideration.

      This case arises from a § 1983 action brought by Plaintiff, suing Defendants in both their official and personal capacities. Plaintiff alleges he was denied medical care by Defendants during his incarceration at the Miller County Detention Center. Plaintiff alleges that he informed Defendant Brittany Cooksey about a medical problem he was experiencing and that she failed to inform Defendant Steven King.[1] Plaintiff states that Defendant King told him to place a written sick-call request to address his medical problem, and that he placed seven (7) such requests before being seen by a nurse. Plaintiff alleges he was charged ten dollar ($10) co-pays instead of the three dollar ($3) co-pays he should have been charged. Finally, Plaintiff alleges that Defendant King violated his rights under the Health Insurance Portability and Accountability Act ("HIPAA").

      On September 1, 2016, Defendants filed a Motion to Dismiss and accompanying Brief in Support (ECF Nos. 18, 20), arguing that all claims against Defendant Southern Health Partners, Inc., and all official-capacity claims against Defendant King and Defendant Cooksey should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants argued that Plaintiff failed to

---

[1] Defendant Cooksey and Defendant King are nurses at the Miller County Detention Center.

allege any facts to support a § 1983 claim against Defendants in their official capacities because Plaintiff did not show an official institutional policy or custom of Defendant Southern Health Partners, Inc. that was unconstitutional, or that it was a "moving force" behind any alleged harm suffered by Plaintiff. Defendants also argued that there is no private right of action under § 1983 for HIPAA violations, and thus Plaintiff cannot maintain his HIPAA claim against Defendants through this lawsuit.

The Court referred this case to Judge Bryant for the purpose of making a Report and Recommendation. Judge Bryant's Report and Recommendation found that, construing Plaintiff's Amended Complaint liberally and accepting its allegations as true, sufficient facts were alleged to state a claim for relief for denial of medical care against Defendants in their official capacities. Judge Bryant also stated that there is no private right of action enforceable under § 1983 for HIPAA violations, citing *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010). Judge Bryant concluded that Defendants' Motion to Dismiss (ECF No. 18) should be granted to the extent that Plaintiff's Complaint alleges a cause of action pursuant to § 1983 for HIPAA violations, and that the motion should denied in all other aspects.

The Court finds that Plaintiff's objections are not directly responsive to Judge Bryant's Report and Recommendation, and offer no error of law or fact from which the Court finds it necessary to depart from the Report and Recommendation.[2] Accordingly, the Report and Recommendation is adopted *in toto*. Defendants' Motion to Dismiss (ECF No. 18) is **GRANTED IN PART and DENIED IN PART**. Plaintiff's claim regarding HIPAA violations is **DISMISSED**.

**IT IS SO ORDERED**, this 13th day of October, 2016.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[2] Plaintiff's objections argued that the Miller County Detention Center features an Inmate Privacy/HIPAA policy and that Defendant King violated Plaintiff's privacy rights under that policy.